Kerri A. Wright, Esq.
**PORZIO BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway, P.O. Box 1997
Morristown, NJ 07962-1997
Telephone: (973) 538-4006
Facsimile: (973) 538-5146
Emails: kawright@pbnlaw.com

Daniel J. Clark, Esq. (admitted *pro hac vice*)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
52 East Gay Street
Columbus, OH 43216-1008
Telephone: (614) 464-6436
Facsimile: (614) 719-4650
Email:  djclark@vorys.com

Liana R. Hollingsworth, Esq. (admitted *pro hac vice*)
Gregory C. Scheiderer, Esq. (admitted *pro hac vice*)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
200 Public Square, Suite 1400
Cleveland, OH  44114
Telephone: (216) 479-6152
Facsimile: (216) 937-3406
Email: lrhollingsworth@vorys.com
       gcscheiderer@vorys.com

*Attorneys for Defendants Safelite Fulfillment, Inc.
and Nick Moran*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREG MANNING,** | **CASE NO. 1:17-cv-02824-RMB-JS** |
| Plaintiff, | |
| vs. | |
| **SAFELITE FULFILLMENT, INC.,** *et al.*, | **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT BASED ON PLAINTIFF'S SPOLIATION OF EVIDENCE PURSUANT TO RULE 37(e).** |
| Defendants. | |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 1

LEGAL ARGUMENT ............................................................................................... 3

I.  THE COURT HAS THE INHERENT POWER TO IMPOSE RULE 37 DISCOVERY SANCTIONS FOR THE PLAINTIFF'S SPOLIATION OF EVIDENCE ................................................................................................... 3

II.  THIS COURT SHOULD DISMISS THIS ACTION BASED ON PLAINTIFF'S INTENTIONAL SPOLIATION OF ESI ..................................... 5

    A.  Plaintiff Had a Duty to Preserve ESI .................................................. 5

    B.  Plaintiff Knowingly and Intentionally Deleted Discoverable ESI Resulting in Spoliation of Evidence .................................................... 6

    C.  Defendants Suffered Substantial Prejudice as a Result of Plaintiff's Actions ............................................................................................... 8

    D.  Plaintiff's Failure to Preserve Relevant, Material Evidence Warrants Dismissal ........................................................................................... 10

III.  IN THE ALTERNATIVE, THE COURT SHOULD GRANT AN ADVERSE INFERENCE AND MONETARY SANCTION AGAINST PLAINTIFF ........................................................................................... 12

    A.  An Adverse Inference Against Plaintiff For His Intentional Destruction of Evidence is Proper .................................................... 12

    B.  Monetary Sanctions Are Necessary to Compensate Defendants for Their Efforts to Obtain Discovery .................................................... 14

CONCLUSION ........................................................................................................ 14

CERTIFICATE OF SERVICE ................................................................................. 17

## TABLE OF AUTHORITIES

Page

**Cases**

*Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) ........................................................... 3, 4

*Coyne v. Los Alamos Nat'l Sec., LLC,* 2017 U.S. Dist. LEXIS 67021 (D.N.M. March 21, 2017) ........................................................................................................... 11

*Institute for Motivational Living, Inc. v. Daubs Institute for Strategic Consulting,* 2004 U.S. App. LEXIS 20834 (3rd Cir. Oct. 5, 2004) ................................................. 4

*Katiroll Co. v. Kati Roll & Platters, Inc. et al.,* 2011 U.S. Dist. LEXIS 85212 (D.N.J. Aug. 3, 2011) ......................................................................................................... 5

*Kounelis v. Sherrer,* 529 F. Supp. 2d 503 (D.N.J. 2008) ........................................ passim

*Kuhar v. Petzl Co.,* 2018 U.S. Dist. LEXIS 205042 ..................................................... 7

*Mosaid Tech. Inc. v. Samsung Elec. Co,,* 348 F. Supp. 2d 332 (D.N.J. 2004) .............. 4, 6, 13, 14

*OmniGen Research, LLC v. Wang,* 321 F.R.D. 367 (D. Or. 2017) ............................. 11

*Perna v. Electronic Data Sys., Corp.,* 916 F. Supp. 388 (D.N.J. 1995) ........................ 8

*Philips Elecs. N. Am. Corp. v. BC Tech.,* 773 F. Supp. 2d 1149 (D. Utah 2010) ......................... 11

*Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980) ................................................. 4

*Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76 (3rd Cir. 1994) ....................... 8, 13

*Scott v. IBM Corp.,* 196 F.R.D. 233 (D.N.J. 2000) .................................................. 5, 8

*Shaffer v. RWP Group, Inc.,* 169 F.R.D. 19 (E.D.N.Y. 1996) ..................................... 5

*Turner v. Hudson Transit Lines, Inc.,* 142 F.R.D, 68 (S.D.N.Y. 1991) ......................... 5

*United States v. Krause (In re Krause),* 367 B.R. 740 (Ks. Bankruptcy Ct. 2007) ..................... 11

*Vibra-Tech Eng'rs, Inc. v. Kavalek,* 2010 U.S. Dist. LEXIS 152166 (D.N.J. August 24, 2010) ........................................................................................................... 14

*Wachtel v. Health Net, Inc.,* 239 F.R.D. 81 (D.N.J. 2006) ......................................... 4

*West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776 (2d Cir. 1999) ............................. 6

*Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422 (S.D.N.Y. 2004) ............................. 6

**Rules**

D.N.J. Local Civil Rule 16(f) .................................................................................................. 4

D.N.J. Local Civil Rule 26.1(d) ............................................................................................. 1

D.N.J. Local Civil Rule 26.1(d)(1) ........................................................................................ 1

D.N.J. Local Civil Rule 37.2 .................................................................................................. 1

Fed. R. Civ. P. 16(1) .............................................................................................................. 3

Fed. R. Civ. P. 37 ........................................................................................................... 1, 3, 4

Fed. R. Civ. P. 37(e) .............................................................................................................. 4

## PRELIMINARY STATEMENT

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.2 of the Local Civil Rules of the United States District Court for the District of New Jersey Defendants Safelite Fulfillment, Inc. ("Safelite") and Nicholas Moran ("Moran") (collectively "Defendants") move the Court to enter an Order Dismissing Plaintiff's Complaint based on Plaintiff Greg Manning's ("Plaintiff") intentional destruction of material, relevant evidence. Dismissal of this case is necessary to cure the undue prejudice to Defendants and to rectify the Court's integrity caused by Plaintiff's failure to preserve evidence, his intentional destruction of evidence, and his complete disregard for the Local and Federal Rules of Civil Procedure. In the alternative, Defendants seek an adverse inference against Plaintiff for his failure to preserve and intentional destruction of evidence. Additionally, in the alternative, Defendants seek monetary sanctions and attorneys' fees and costs be imposed upon Plaintiff for his conduct.

## STATEMENT OF FACTS

Plaintiff filed his Complaint against Defendants on March 3, 2017 asserting retaliation, hostile work environment, disability discrimination, and failure to provide reasonable accommodations under the New Jersey Law Against Discrimination ("NJLAD"). Shortly thereafter, on April 25, 2017, the Court issued an Order arranging the Initial Scheduling Conference, which ordered that the parties' counsels comply with Local Civil Rule 26.1(d), in addition to Federal Civil Procedure Rules. (*See* Counsel Cert. Ex. A). Local Civil Rule 26.1(d) specifically requires that each counsel must review with their client their discovery obligations, including the obligations around "computer-based and other digital systems." *See* Local Civil Rule 26.1(d)(1). Furthermore, Defendants and Plaintiff jointly filed their Joint Proposed Discovery Plan on June 2, 2017 stating that they do not anticipate any issues with the disclosure or discovery of ESI. (*See* Counsel Cert. Ex. B). During the June 12, 2017 Initial Scheduling

Conference, the Court instructed counsel to confer on digital discovery and to discuss whether they have any potential disputes.  On June 30, 2017, the parties filed a joint letter stating that they conferred regarding ESI and that they had no discovery disputes and no anticipated discovery issues.  (*See* Counsel Cert. Ex. C).

Defendants served their First Requests for Production of Documents on Plaintiff on June 26, 2017.  (*See* Counsel Cert. Ex. D).  The discovery request to Plaintiff contained 28 document requests, including requests for production of "[a]ll documents and ESI retained on your computer(s), electronic storage device (hard drive, pin drive, etc.) **cellular-telephone(s), smartphone**, and personal digital assistant(s), **including but not limited to e-mails**, **instant messages**, or text messages between you and any other person referring, reflecting or relating to your employment with Safelite, your separation from employment, the allegations contained in your Complaint, or any claimed damages."  *Id*.  (emphasis added).  The discovery request also included a request for "[a]ll documents and **ESI retained on social networking sites, including but not limited to, Facebook**, MySpace, LinkedIn, Twitter, Friendster or Instagram, between you and any other person that refer, reflect or relate to your employment with Safelite, the allegations contained in your Complaint, or any claimed damages."  *Id*.  (emphasis added).

In response to Defendants' requests, on August 16, 2017, Plaintiff produced only one email chain from his personal Hotmail account and no documents or ESI from any social networking sites.  (*See* Counsel Cert. Ex. E).  However, over the course of this litigation, Safelite has produced to Plaintiff 16,377 pages of preserved ESI from its email systems, including multiple other emails that Plaintiff sent from his Hotmail account that were directly relevant to this lawsuit, but that Plaintiff failed to produce.  (*See* Counsel Cert. Ex. F).

Subsequently, Plaintiff deleted **all his personal emails** "at least once" since 2018.  (*See* Counsel Cert. Ex. G; Plaintiff's Dep. at 67-68, May 11, 2020).    Plaintiff also deleted his Facebook messages around the same time as he deleted all his emails.  (Plaintiff's Dep. at 292). Plaintiff thereafter testified that within those deleted emails and Facebook messages were messages related to his claims.  Specifically, Plaintiff testified to deleting emails to Clear Vision Auto Glass, which referenced his termination from Safelite, as well as, his application for employment with Clear Vision Auto Glass.  (Plaintiff's Dep. at 66-67).   He also testified to deleting emails from former Safelite employee, Nicholas Walters, which contained documents and information directly relevant to Plaintiff's termination.  (Plaintiff's Dep. at 296-297).  Lastly, Plaintiff testified to deleting Facebook messages that he sent to Safelite employee, Stephen McCafferty, regarding Plaintiff's termination.  (Plaintiff's Dep. at 291-292).  Defendants also know Plaintiff deleted additional relevant emails, given that Safelite produced additional emails that originated from Plaintiff's personal email account.  Furthermore, Plaintiff responded with "I don't recall" when asked if he deleted any other relevant emails or Facebook messages. (Plaintiff's Dep. at 292 & 297).

## **LEGAL ARGUMENT**

I.    **THE COURT HAS THE INHERENT POWER TO IMPOSE RULE 37 DISCOVERY SANCTIONS FOR THE PLAINTIFF'S SPOLIATION OF EVIDENCE.**

The Federal Rules of Civil Procedure and the Court's inherent powers grant the Court the authority to take measures necessary to cure threats to its integrity, violations of Court orders, or refusals to abide by the Federal Rules. *See, e.g.,* Fed. R. Civ. P. 16(1) and 37; *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (discussing the Court's inherent powers); *Kounelis v. Sherrer,* 529 F. Supp. 2d 503, 519 (D.N.J. 2008) (recognizing the powers granted

by the Federal Rules and the Court's inherent authority to both redress the harm caused and punish a party who destroys evidence); *Wachtel v. Health Net, Inc.,* 239 F.R.D. 81, 100 (D.N.J. 2006) (discussing and applying Rules 16(f) and 37 and the Court's inherent policing powers); *Mosaid Tech. Inc. v. Samsung Elec. Co,,* 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (discussing the exercise of the Court's powers to cure threats to its integrity).

Rule 37(e) enumerates the available sanctions to the Court for abuses of the discovery process as it relates to Electronically Stored Information ("ESI"). Fed. R. Civ. P. 37(e). Additionally, a District Court possesses the inherent authority to impose the Rule 37 discovery sanctions if the circumstances so warrant. *Chambers,* 501 U.S. at 42 n. 8 (noting that courts can invoke their powers to sanction for discovery abuses even though Rule 37 authorizes sanctions for the same conduct); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764-67 (1980). Accordingly, courts within the Third Circuit impose sanctions based upon the Federal Rules of Civil Procedure and also based upon the court's inherent authority. *Institute for Motivational Living, Inc. v. Daubs Institute for Strategic Consulting,* 2004 U.S. App. LEXIS 20834 (3rd Cir. Oct. 5, 2004) (finding that sanctions could be imposed under the district court's inherent authority against a *pro se* litigant for deleting personal files from a laptop computer in violation of a court order).

The Court has the inherent authority to impose remedies to cure a party's failure to comply with the Court's orders or discovery obligations and "to police litigant misconduct" to prevent and cure abuse of the judicial process. *Wachtel,* 239 F.R.D. at 100. The Court is also empowered to enter necessary remedial, punitive, and deterrent orders that "provide redress to the party harmed" by the spoliation of evidence and/or to punish the spoliator. *Kounelis,* 529 F, Supp. 2d at 519. Accordingly, this Court has the authority to impose the sanction of

dismissal, if it finds that the circumstances so warrant, which the moving Defendants urge that they do.  Or in the alternative, the Court has the authority to impose a sanction of an adverse inference against the plaintiff and monetary sanctions.

## II.    THIS COURT SHOULD DISMISS THIS ACTION BASED ON PLAINTIFF'S INTENTIONAL SPOLIATION OF ESI.

### A.    *Plaintiff Had a Duty to Preserve ESI.*

A threshold question for the Court is whether the plaintiff had a duty to preserve the evidence at issue.  *Katiroll Co. v. Kati Roll & Platters, Inc. et al.,* 2011 U.S. Dist. LEXIS 85212 at *1 (D.N.J. Aug. 3, 2011); *Shaffer v. RWP Group, Inc.,* 169 F.R.D. 19, 24 (E.D.N.Y. 1996); *Turner v. Hudson Transit Lines, Inc.,* 142 F.R.D, 68, 72-73 (S.D.N.Y. 1991).  A litigant is "under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation."  *Scott v. IBM Corp.,* 196 F.R.D. 233, 249 (D.N.J. 2000).  This duty to preserve "arises when the party in possession of the evidence knows that litigation by the party seeking the evidence is pending or probable and the party in possession of the evidence can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were to be discarded."  *Katiroll Co.,* 2011 U.S. Dist. LEXIS 85212 at *1 (quoting *Kounelis*, 529 F. Supp. 2d at 518).

Here, there is no dispute that Plaintiff had a duty to preserve the emails and Facebook messages that he deleted.  Although Plaintiff is not entirely clear on when he deleted all his messages, Plaintiff testified that he deleted all his emails and Facebook messages "at least once" from 2018 to the present.  (Plaintiff's Dep. at 68 & 292).  Given that the Complaint was filed on March 3, 2017, he deleted this evidence after initiating litigation and while the parties were engaged in the discovery process.  The Court specifically issued Orders requiring Counsel to speak with Plaintiff about the duties to preserve digital information for the

purposes of this lawsuit.  Plaintiff through his counsel conferred and submitted a joint letter to the Court stating that there were no digital discovery issues.

Furthermore, Defendants' first set of discovery requests were served upon Plaintiff on June 26, 2017.  Such requests asked for the production of ESI, including relevant emails and Facebook messages.  Thus, the duty to preserve such information had been triggered, and Plaintiff was specifically aware of the duty to preserve and produce all relevant digital discovery, including emails and Facebook messages.  Accordingly, it is without argument that Plaintiff had a duty to preserve his emails and Facebook messages, and that he wholly failed to comply with that duty.

In his May 11, 2020 deposition, Plaintiff identified relevant communications and for the first time disclosed that he had deleted them and all other potentially relevant emails since 2018, having never produced them in this litigation.

       **B.**     *Plaintiff Knowingly and Intentionally Deleted Discoverable ESI Resulting in Spoliation of Evidence.*

Spoliation of evidence is defined as "the destruction or significant alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *Mosaid,* 348 F. Supp. 2d at 335 (citing *Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 430 (S.D.N.Y. 2004) (quoting *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999)).  Spoliation occurs when one intentionally or negligently breaches a duty to preserve discoverable evidence.  *Kounelis,* 529 F. Supp. 2d at 519.  The range of potential spoliation sanctions include the dismissal of the action, or in the alternative, an instruction to the finder of fact allowing for an adverse inference and attorney's fees and costs.  *Mosaid,* 348 F. Supp, 2d at 335.

To establish a prima facie case of actionable spoliation four elements must be satisfied: (1) the evidence was in the party's control, (2) the evidence is relevant to the claims and/or defenses in the case, (3) actual suppression or destruction of the evidence has occurred, and (4) the duty to preserve the evidence was reasonably foreseeable to that party. *Kuhar v. Petzl Co.,* No. 16-03952018, U.S. Dist. LEXIS 205042 (D.N.J. Nov. 16, 2018).

Here, the prima facie case is easily satisfied. First, the evidence was unarguably in Plaintiff's control, as he testified in his deposition that the relevant emails and Facebook messages were accessed and stored on his personal cell phone. (Plaintiff's Dep. at 68 & 292). Second, the messages are relevant to the claims and/or defenses, as the deleted email messages contained emails to former Safelite employee Nicholas Walters regarding the warranty work that Plaintiff was terminated for, emails to Plaintiff's former employer Clear Vision Auto Glass about his employment following his termination from Safelite, as well as, Facebook messages to Safelite employee Stephen McCafferty regarding the warranty work that Plaintiff was terminated for. (Plaintiff's Dep. at 67-68, 291-2, 296-297). Defendants were able to confirm these communications existed through other sources. But, none were produced by Plaintiff.

Critically, given that Plaintiff completely wiped clean all messages on his phone and email account, Defendants are unable to discover the full extent of the other evidence that was improperly deleted by Plaintiff. The third and fourth elements of the prima facie case of spoliation are also satisfied because Plaintiff admitted to personally destroying the evidence by purposely deleting everything on his personal cell phone and, as explained above, Plaintiff was fully aware of his duty to preserve the evidence at the time he deleted all the messages. Plaintiff makes no claim that this ESI was deleted accidentally. This was a purposeful

deletion.  Thus, since the prima facie case is easily satisfied here, the only real question for the court is which sanctions are appropriate.

Once the prima facie case is satisfied, the Third Circuit typically looks to three factors when deciding which spoliation-based sanctions are appropriate.  These factors include the degree of fault of the party who altered or destroyed the evidence; the degree of prejudice suffered by the opposing party; and the availability of a lesser sanction that will protect the opposing party's right and deter future similar conduct.  *Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76, 79 (3rd Cir. 1994).  Under the *Schmid* test, the Third Circuit focuses on the facts of the individual case, balances a series of factors relating to spoliation, and seeks to serve evidentiary, prophylactic punitive and remedial policy goals.  *See Schmid,* 13 F.3d at 78; *Scott,* 196 F.R.D, at 248.  As will be demonstrated herein, all three factors are met by the undisputed facts of this case and dismissal is the appropriate sanction.

Case dismissal is only warranted when no lesser sanction will suffice.  *Perna v. Electronic Data Sys., Corp.,* 916 F. Supp. 388 (D.N.J. 1995).  Nonetheless, given Plaintiff's deliberate destruction of large amounts of evidence, the breadth of which can never be fully disclosed to the Court, and the suspicious timing of the destruction – the discovery phase of the litigation he initiated – dismissal is warranted.

C.     *Defendants Suffered Substantial Prejudice as a Result of Plaintiff's Actions.*

Defendants suffered substantial prejudice as a result of Plaintiff permanently deleting his emails and Facebook messages.  The full extent of the harm to Defendants is unknowable given that Defendants do not know what all Plaintiff deleted and the breadth of documents lost.  Throughout this litigation, Plaintiff has produced few documents.  Furthermore, Plaintiff failed to provide any social media ESI, including the messages Plaintiff testified that he sent to a Safelite associate regarding his termination, despite Defendants' discovery requests being

sent at least six months prior to when Plaintiff allegedly deleted the messages.  (Plaintiff's Dep. at 291-2).  Also, Plaintiff testified to deleting all his emails from his personal email account, including emails he received from former Safelite associate, Nicholas Walters, regarding his termination[1], as well as, emails he testified sending to Clear Vision Auto Glass following his termination from Safelite.

These messages should have been produced in response to Defendants' June 26, 2017 discovery requests, especially since Plaintiff testified that he did not delete these messages until 2018 or so.  Plaintiff responded to these Document Requests on August 16, 2017, producing only **one** email from his personal Hotmail account and no social media messages.  Plaintiff's production of only one email was clearly not an accurate production of discoverable emails, given that Defendants' production showed that Plaintiff sent Safelite employees multiple relevant emails from his personal Hotmail account, not just the one.  This fact alone shows that Plaintiff was selective in the documents he chose to produce.  Thereafter, he was anything but selective when deciding to delete all of his emails and social media.

Moreover, given that Plaintiff testified to deleting everything on his cell phone at least once (if not more) since litigation started, an unknown amount of additional relevant emails, social media messages, and/or text messages were permanently deleted.  Thus, given that the messages have been permanently deleted, it is impossible for Defendants to know the amount of prejudice they have suffered.  However, given that Plaintiff testified that some of the deleted emails and Facebook messages were relevant to his termination from Safelite and the warranty work that led to his termination, the deleted information is no doubt substantial since

---

[1] Walters has been identified as a witness in this case, who will purportedly testify on Manning's behalf.

it spoke directly to Plaintiff's termination.  Indeed, his personal communications prior to his termination from Safelite would have shed light on his claims regarding his alleged need for accommodation and allegations that he had been harassed or denied accommodations at Safelite.

Furthermore, given that at the time Plaintiff deleted the emails, Defendants had already requested discovery that covered the deleted emails and Facebook messages, Plaintiff's failure to produce the documents as required under the Local and Federal Rules of Civil Procedure, and subsequent deletion, leads one to believe that the messages were not produced because they were not helpful to Plaintiff's case.  If the deleted messages had been helpful to Plaintiff's case, he presumably would have been anxious to produce them.  But instead, Plaintiff failed to produce the discoverable messages and thereafter destroyed them.  Thus, the prejudice suffered by Defendants is substantial and warrants the most significant sanction.

D.   *Plaintiff's Failure to Preserve Relevant, Material Evidence Warrants Dismissal.*

Given Plaintiff's egregious conduct, dismissal is warranted in this case.  Federal Rule 37(e) permits dismissal of an action upon finding that "the party acted with the intent to deprive another party of the information's use in the litigation."  Plaintiff's failure to produce the messages when requested through Defendants' June 26, 2017 discovery requests, and the subsequent intentional deletion of the messages, no doubt shows that Plaintiff acted with the intent to deprive Defendants of the information.  If Plaintiff did not intend to deprive Defendants of the information, the messages would have been produced as part of the June 26, 2017 discovery request, or at the very minimum, not been deleted from Plaintiff's phone.

In a similar series of events, a Court granted dismissal in a matter where the plaintiff had "erased and reset" her iPhone the day before the defendants were set to inspect the device for relevant discoverable information. *Coyne v. Los Alamos Nat'l Sec., LLC,* 2017 U.S. Dist. LEXIS 67021 (D.N.M. March 21, 2017).  The Court noted that the erasing and resetting of her iPhone was evidence "that she deliberately destroyed the ESI on her iPhone to assure that any potentially negative text messages were not retrievable during the impending forensic examination."  *Id*. at. *14.  Thus, the Court held that "dismissal appears to be the only effective sanction for this egregious conduct."  *Id*. at *15.

Dismissal has also been proper in countless other actions where ESI was deliberately destroyed.  *See Philips Elecs. N. Am. Corp. v. BC Tech*., 773 F. Supp. 2d 1149, 1213 (D. Utah 2010) ("Where spoliation is intentional or committed in bad faith, the court may enter default judgment in favor of (and dismiss claims against) the innocent party…The facts of this case and case law supports such a sanction in this case"); *See also United States v. Krause (In re Krause)*, 367 B.R. 740, 770 (Ks. Bankruptcy Ct. 2007) ("The willful destruction of electronic evidence has supported the most severe of sanctions, including entry of judgment against a defendant and dismissal of a plaintiff's case"); *See also OmniGen Research, LLC v. Wang*, 321 F.R.D. 367 (D. Or. 2017).

Thus, given Plaintiff's deliberate destruction of everything on his personal cell phone, including relevant emails and Facebook messages (not to mention an additional unknown amount of potentially relevant and discoverable information) dismissal is proper.  Plaintiff should not be allowed to ask this Court for relief and then turn around and intentionally destroy discoverable evidence.

Furthermore, given the fact that Plaintiff has produced minimal discovery, clearly left out discoverable messages, and then permanently destroyed relevant ESI, Defendants are severely prejudiced in defending this lawsuit.  Had Defendants, after Plaintiff's filing of the Complaint and after receiving discovery requests form Plaintiff, intentionally deleted from its systems all emails related to Plaintiff, what sanction would the Court impose?  Defendants have upheld their discovery obligations and produced 16,377 pages of preserved ESI to Plaintiff.  Defendants incurred substantial costs to preserve, search, review, and produce a substantial amount of ESI to Plaintiff in this case.  Accordingly, given Defendants' commitment to upholding its discovery obligations, its extensive production of documents, and Plaintiff's complete disregard for his discovery obligations, Defendants request that this action be dismissed in its entirety and that judgment be entered in their favor.

**III.    IN THE ALTERNATIVE, THE COURT SHOULD GRANT AN ADVERSE INFERENCE AND MONETARY SANCTION AGAINST PLAINTIFF.**

Although Defendants believe that dismissal is the appropriate sanction here given Plaintiff's willful and deliberate destruction of evidence, Defendants request, in the alternative, that the Court consider the lesser sanctions of an adverse inference and monetary sanctions consisting of attorneys' fees and costs associated with our attempts to obtain discovery and this motion.

> A.    *An Adverse Inference Against Plaintiff For His Intentional Destruction of Evidence is Proper.*

After a finding of spoliation, the Court "has the discretion to impose an adverse inference against the party responsible for the spoliation in order to level the playing field for the injured party." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503 (D.N.J. 2008).  The adverse inference allows an inference that the destroyed evidence would have been unfavorable to the

offending party's position.  *Id*. at 521.  In *Kounelis*, the Court notes that when a party destroys evidence "it is likely done out of fear that the evidence would be harmful to the party."  *Id*. at 520.  Thus, an adverse inference is used as a "remedial function of leveling the playing field after a party has destroyed or withheld relevant evidence."  *Id*.

In the case at bar, if the Court so decides that dismissal is not the appropriate sanction, Defendants request that this Court impose an adverse inference concerning Plaintiff's deleted emails and Facebook messages.  An adverse inference or spoliation inference is generally regarded as a relatively mild spoliation-related sanction. *See Schmid*, 13 F.3d at 79 (the exclusion of evidence is a "far more serious" sanction than the spoliation inference); *see also Mosaid*, 348 F. Supp. 2d at 335 (calling the spoliation inference a "lesser sanction" than dismissal or evidence suppression).  Therefore, imposing an adverse inference against Plaintiff is the least the Court can do to help level the playing field for Defendants.  That said, an adverse inference is of limited utility to Defendants when it has been deprived of the evidence in advance of Plaintiff's deposition and for use in its Motion for Summary Judgment.  As just one example, Nicholas Walters and Plaintiff Manning have collaborated in bringing lawsuits against Safelite.  They admitted correspondences existed about their employment with Safelite and that they collaborated regarding the litigation.  Walters and Manning have offered testimony in support of each other.  Yet, Safelite was denied the ability to discover from Manning his electronic communications with Walters about his litigation.

Furthermore, given Plaintiff's blatant failure to produce the emails and messages in response to Defendants first set of discovery requests, and then the deletion of the emails and messages, it is safe to assume the content of those messages were not in Plaintiff's favor.

B. *Monetary Sanctions Are Necessary to Compensate Defendants for Their Efforts to Obtain Discovery.*

Monetary sanctions have been held to be a necessary sanction in order to compensate the moving party "for the time and effort it was forced to expend in an effort to obtain discovery it was entitled to." *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332 (D.N.J. 2004); *see also Vibra-Tech Eng'rs, Inc. v. Kavalek*, 2010 U.S. Dist. LEXIS 152166 (D.N.J. August 24, 2010) ("motion for monetary sanctions is granted insofar as Plaintiff seeks reasonable attorneys' fees and expenses incurred in connection with the discovery misconduct").

In *MOSAID*, the offending party failed to preserve e-mails, resulting in the spoliation and "nonproduction of countless e-mails." *Id*. at 339.  As a result of the spoliation of emails, not only was the moving-party awarded monetary sanctions consisting of attorneys' fees and costs associated with their attempts to obtain discovery, the moving-party was also granted fees and costs associated with their motion for sanctions as well, totaling $566,839.97 in awarded fees and costs to the moving-party. *Id*. at 334.

Thus, Defendants request that they too be awarded the same monetary sanctions for the fees and costs associated with their attempts to obtain the destroyed evidence, as well as monetary sanctions for the fees and costs associated with this subsequent motion for sanctions.

## <u>CONCLUSION</u>

Plaintiff chose to initiate this case.  He availed himself to this Court's jurisdiction and used this Court's subpoena power and the Rules of Civil Procedure to conduct extensive discovery.  By initiating the case, he also incurred certain obligations imposed on all litigants

to uphold the integrity of the Court's proceedings.  In the case at bar, the Defendants request that this Court enter judgment in their favor dismissing this matter with prejudice.

One of the most significant obligations imposed on litigants is the prohibition on destruction of evidence.  In systematically and completely destroying all of his personal communications after receiving a request for their production in this case, Plaintiff has fundamentally and irreparably undermined the integrity of the proceeding.  Given Plaintiff's egregious deletion of emails and Facebook messages dismissal is proper in the case, or in the alternative, an adverse inference and monetary sanctions.  Nonetheless, it is respectfully submitted that dismissal is a wholly appropriate sanction to address the harm caused upon Defendants by Plaintiff's conduct.

WHEREFORE, Defendants respectfully request that the Court enter an Order as follows:

1.      granting Defendants Motion for Judgment against Plaintiff based on Plaintiff's spoliation of evidence,

OR

2.      imposing an adverse inference against Plaintiff, and

3.      granting monetary sanctions for Defendants costs and fees associated with the attempts to obtain discovery and this motion for sanctions.

Respectfully submitted,

s/ Kerri A. Wright
Kerri A. Wright, Esq.
PORZIO BROMBERG & NEWMAN P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
Telephone: (973) 889-4327
Facsimile: (973) 538-5146
Email: kawright@pbnlaw.com

15

Daniel J. Clark (Ohio Bar No. 0075125)
(admitted *pro hac vice*)
VORYS SATER SEYMOUR AND PEASE LLP
52 E. Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 464-6350
Email: djclark@vorys.com

Liana R. Hollingsworth (Ohio Bar No. 0085185)
(admitted *pro hac vice*)
Gregory C. Scheiderer (Ohio Bar No. 0087103)
(admitted *pro hac vice*)
VORYS SATER SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
Email: lrhollingsworth@vorys.com

*Attorneys for Defendants Safelite Fulfillment, Inc.
and Nick Moran*

## <u>CERTIFICATE OF SERVICE</u>

I, Kerri A. Wright, hereby certify that on September 1, 2020, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send notification of

such filing to all attorneys of record.


*s/ Kerri A. Wright*
Kerri A. Wright
**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
Telephone: (973) 889-4327
Facsimile: (973) 538-5146
Email:  kawright@pbnlaw.com

*One of the Attorneys for Defendants*

17