[Docket No. 79]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GREG MANNING,<br><br>                Plaintiff,<br><br>v.<br><br>SAFELITE FULFILLMENT, INC., et al.<br><br>                Defendants. | No. 17-2824 (RMB/MJS)<br><br>**OPINION** |

**APPEARANCES**:

Smith Eibeler, LLC
By:    Christopher J. Eibeler, Esq.
101 Crawford Corner Road
Holmdel, NJ 07733
    *Attorney for Plaintiff*

Porzio, Bromberg & Newman, P.C.
By:    Emre Polat, Esq.
        Kerri Ann Wright, Esq.
100 Southgate Parkway
Morristown, NJ 07962
    *Attorneys for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

       Before the Court are Defendants Safelite Fulfillment Inc.'s ("Safelite") and Nick Moran's ("Moran") (collectively "Defendants") Objections to Magistrate Judge Matthew J. Skahill's Report and Recommendation [Docket No. 79.] For the reasons set forth in the Opinion below, the Court will adopt Judge Skahill's Recommendation, but submit the issue

1

of Plaintiff Greg Manning's ("Plaintiff" or "Manning") intent to deprive Defendants of relevant evidence to the jury.

I. **BACKGROUND**

Judge Skahill previously detailed the factual background of this dispute in the Report and Recommendation ("R&R") on Defendants' Motion for Judgment Based on Plaintiff's Spoliation of Evidence Pursuant to Rule 37(e). [See Docket No. 79.] Finding no objection to the factual background set forth in the R&R, and finding no clear error, the Court adopts the R&R's factual findings. In addition, the Court will now address only the facts relevant to resolving Defendants' Objections to the R&R.

Both parties agree that Plaintiff failed to produce and destroyed: (1) e-mails to Safelite representatives Greg Byrd and Danielle Sennet; (2) e-mails to Clear Vision Auto Glass ("Clear Vision"), a Safelite competitor that Plaintiff was seeking a job with; (3) e-mails to Nicholas Walters, a former Safelite employee; (4) Facebook messages to Stephen McCafferty, a Safelite employee; and (5) additional e-mails from Plaintiff's personal e-mail account. [Id. at 7.] But some of these communications were, at least partially, recoverable. Defendants issued a subpoena to Clear Vision and received the otherwise lost e-mails. [Id. at 9.] Similarly, Plaintiff stated in his deposition that he "received documents from Nicholas Walters via e-mail regarding the warranty job that led to his (Plaintiff's) termination." [Id. at 10.] Although the e-mails themselves were not recovered, the e-mail attachments were. [Id.] All other communications remain lost.

II. **LEGAL STANDARD**

A. Spoliation Standards

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable

2

litigation." <u>Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd.</u>, 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Federal Rules of Civil Procedure 37(e) governs the spoliation of Electronically Stored Information ("ESI"). Rule 37(e) states:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>>
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> (A) presume that the lost information was unfavorable to the party;
>>>
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>>
>>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

When a district court finds that a party has spoliated evidence, it has the authority to fashion an appropriate sanction to remedy the damage. <u>Mosaid Techs.</u>, 348 F. Supp. 2d at 335. The Third Circuit requests courts to select "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." See <u>Schmid v. Milwaukee Elec. Tool Corp.</u>, 13 F.3d 76, 79 (3d Cir. 1994); <u>Paramount Pictures Corp. v. Davis</u>, 234 F.R.D. 102, 111 (E.D. Pa. 2005).

District courts evaluate three factors when considering Rule 37 sanctions: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice

suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 82 (3d Cir. 2019). The Court may impose Rule 37(e)(1) sanctions only if a party's spoliation prejudiced an opposing party. Moreover, the Court may impose the harsher 37(e)(2) sanctions only if the spoliator acted in bad faith. A showing of bad faith, or an intent to deprive, requires that "the spoliating party 'intended to impair the ability of the potential defendant to defend itself.'" Schmid, 13 F.3d at 80.

A finding of prejudice requires a showing that the spoliation materially affected the substantial rights of the non-spoliating party by harming the party's ability to present its case. Micron Tech., Inc. v. Rambus Inc., 645 F.3d 1311, 1328 (Fed. Cir. 2011). When a party moving for spoliation sanctions cannot offer "plausible, concrete suggestions as to what [the lost] evidence might have been," the Court is unable to find prejudice. GN Netcom, Inc., 930 F.3d at 83.

B. Objection Standards

When a party objects to a Magistrate Judge's Report and Recommendation, the Court must review those portions de novo. Equal Emp. Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)). In the absence of an objection, the Court will review the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878

(3d Cir. 1987) (explaining that the courts should review recommendations in some manner regardless of whether objections were filed).

### III. ANALYSIS

Judge Skahill's R&R reviewed Plaintiff's deletion of Electronically Stored Information ("ESI") to determine whether (1) certain e-mails and Facebook Messages were spoliated, (2) if so, whether such spoliation prejudiced Defendants, (3) if so, whether Plaintiff deleted the communications with an intent to deprive Defendants of the information's use in the litigation, and (4) if so, the appropriate sanctions. The R&R found that Plaintiff's e-mails to Nicholas Walters and Facebook messages to Stephen McCafferty were spoliated. [Docket No. 79, at 21.] Judge Skahill then determined that Plaintiff's deletion of his Facebook messages to Stephen McCafferty prejudiced the Defendant, but that Plaintiff did not delete these messages with an intent to deprive Defendants of the ESI. [Id. at 24, 29.] Absent an intent to deprive, sanctions were only available under Rule 37(e)(1). So, Judge Skahill found that the appropriate sanction would be to allow Defendants to present evidence of the deleted Facebook messages to the jury at trial. [Id. at 31.] Moreover, the R&R concluded that Plaintiff's deletion of his e-mails to Walters and Clear View was not prejudicial to Defendants. [Id. at 25].

Defendants filed several objections to the R&R. First, Defendants object to Judge Skahill's finding that Plaintiff deleted his Facebook Messages without an intent to deprive. [Docket No. 81, at 3-6.] Second, Defendants object to the R&R's legal standard in determining the issue of prejudice. [Id. at 6-8.] Third, Defendants object to the R&R insofar as it understates "the degree and extent of the prejudice created by Plaintiff's decision to withhold and then delete all of his e-mails and social media activity"—particularly his

5

communications with Walters and Clear Vision [Id. at 8-9.] Finally, Defendants argue that Judge Skahill erred in recommending an insufficient sanction. [Docket No. 81, at 12-13.] The Court will consider each of these in turn.

    A.  <u>Objection to the R&R's Legal Standards</u>

Defendants argue that the R&R's legal standard did not properly account for the 2015 Amendments to Fed. R. Civ. P. 37. In particular, they contend that Judge Skahill erred in using the <u>Medeva Pharma</u> standards because that case predates the 2015 Amendments. As a result, Defendants argue that the R&R improperly placed the burden of establishing both prejudice and the content of the lost information on the party seeking sanctions—here, the Defendants.

In response, Plaintiff correctly notes that the Third Circuit later affirmed <u>Medeva Pharma</u>'s standard of review in <u>GN Netcom, Inc. v. Platronics, Inc.</u>, 930 F.3d 76 (3d Cir. 2019). [Docket No. 82, at 8.] Indeed, both Opinions rely on the Third Circuit's decision in <u>Schmid v. Milwaukee Elec. Tool Corp.</u>, 13 F.3d 76 (3d Cir. 1994). <u>GN Netcom</u> is a 2019 decision, thus largely rebutting Defendants' argument that the 2015 Amendment to the Federal Rules of Civil Procedure rendered the standard set out by <u>Medeva Pharma</u> obsolete. To the extent that Defendants rely on a blanket-objection that <u>Medeva Pharma</u> is "bad law," that objection is overruled.

With respect to the burden of establishing prejudice and identifying the lost content, Defendants' argument relies on the 2015 Advisory Committee Notes:

> Determining the content of lost information may be a difficult task in some cases, and placing the burden of proving prejudice on the party that did not lose the information may be unfair.

6

Fed. R. Civ. P. Advisory Committee Notes, Fed. R. Civ. P. 37. Although this is all that Defendants cite in their brief, it is an incomplete recitation of the Note. Indeed, the Advisory Committee Notes continues:

> In other situations, however, the content of the lost information may be fairly evident, the information may appear to be unimportant, or the abundance of preserved information may appear sufficient to meet the needs of all parties. Requiring the party seeking curative measures to prove prejudice may be reasonable in such situations. The rule leaves judges with discretion to determine how best to assess prejudice in particular cases.

Id.

District courts within the Third Circuit have imposed the burden of proving prejudice on the moving party. Accurso v. Infra-Red Servs., Inc., 169 F. Supp. 3d 612, 623 n.6 (E.D. Pa. 2016). See also Fuhs v. McLachlan Drilling Co., No. 16-376, 2018 WL 5312760, at *12 (W.D. Pa. Oct. 26, 2018) (holding that ". . . the burden is on Defendants 'to show that spoliation occurred and what sanctions are appropriate.'"); Lexpath Techs. Holdings, Inc. v. Welch, No. 13-5379, 2016 WL 4544344, at *4 (D.N.J. Aug. 30, 2016) (holding that "[t]he burden is on the moving party to show that spoliation occurred and what sanctions are appropriate."). Accordingly, Judge Skahill did not err in imposing this burden on Defendants.

Upon its own de novo review of Defendants' arguments, the Court finds that Defendants bear the burden of establishing prejudice with respect to Plaintiff's communications with Walters and Clear Vision.[1] The Court reaches this decision because Plaintiff's communications with Walters and Clear Vision have been at least partially restored to some extent. If Defendants believe that the recovered communications and

---

[1] Neither party objected to the R&R's finding that Defendants were prejudiced by Plaintiff's deletion of his Facebook messages with McCafferty, and the Court finds no clear error in that determination. In addition, Defendants have conceded Plaintiff's e-mails to Byrd and Sennet were not spoliated. [See Docket No. 77.]

7

attachments are insufficient to avoid prejudice, they must establish why. But they have not done so. Instead, Defendants speculate that there must be more information and that information must be harmful to Plaintiff's case.

      B.  <u>Objections to Plaintiff's Intent to Deprive and Appropriate Sanctions</u>

After careful consideration of the Report and Recommendation [Docket No. 79], Defendants' Objections [Docket No. 81], and Plaintiff's Response to Defendants' Objections [Docket No. 82], the Court reserves judgment with respect to whether Plaintiff deleted his communications with an intent to deprive Defendants of the information's use and the appropriate sanctions, if any. At trial, the Court will submit to the jury the issue of whether Plaintiff acted with an intent to deprive Defendants of relevant evidence when he deleted his Facebook messages. This process is outlined by the 2015 Advisory Notes:

> Subdivision (e)(2) requires a finding that the party acted with the intent to deprive another party of the information's use in the litigation. This finding may be made by the court when ruling on a pretrial motion, when presiding at a bench trial, or when deciding whether to give an adverse inference instruction at trial. <u>If a court were to conclude that the intent finding should be made by a jury, the court's instruction should make clear that the jury may infer from the loss of the information that it was unfavorable to the party that lost it only if the jury first finds that the party acted with the intent to deprive another party of the information's use in the litigation. If the jury does not make this finding, it may not infer from the loss that the information was unfavorable to the party that lost it.</u>

Fed. R. Civ. P. Advisory Committee Notes, Fed. R. Civ. P. 37 (emphasis added).

Similarly, the Court reserves judgment with respect to the appropriate sanction(s) in this case, which it will consider from the jury's intent finding. Until such time, the Court cannot appropriately assign a Rule 37(e) sanction, and it therefore declines to rule on the appropriate sanction(s) for the spoliated, prejudicial

Facebook messages sent to McCafferty as well as the spoliated e-mails exchanged with Walters.

## IV. CONCLUSION

Thus, for the foregoing reasons, Judge Skahill's Report and Recommendation is ADOPTED, but judgment is RESERVED, in part, pending the jury's verdict concerning Plaintiff's intent to deprive. An appropriate Order accompanies this Opinion.

Dated: August 11, 2021    s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge